Case 1:11-cv-01558-SJ -RLM Document 1 Filed 03/30/11 Page 1 of 6

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR 3 ○ 2011 ★

BROOKLYN OFFICE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

COURT FILE NO.:

| | |
|---|---|
| JASDEEP SINGH<br><br>Plaintiff,<br>v.<br><br>BUDZIK & DYNIA, LLC.;<br><br>Defendants. | **CV 11 - 1558**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>JOHNSON, M.J. |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business in this District.

## PARTIES

4. Plaintiff, Jasdeep Singh, is a natural person who resides in Brooklyn, New York, County of Kings, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Budzik & Dynia, LLC (hereinafter "B&D" or "Defendant"), is an Illiois limited liability company engaged in the business of collecting debts in this state with its principal place of business located at: 4849 N. Milwaukee Avenue, Suite 801, Chicago, IL 60630. The principal business of B&D is the collection of debts using the mails and telephone, and B&D regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

### A. Debt

6. Sometime in December, 2006 Plaintiff is alleged to have incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from the Plaintiff.

8. On April 21, 2009, Plaintiff filed Chapter 7 Bankruptcy petition with the Bankruptcy Court for the Eastern District of New York.

9. On July 28, 2009, Plaintiff was granted a discharge under section 727 of title 11, United States Code which discharged all debts owed, including the debt which BD attempted to collect. See attached as *Exhibit "A"*.

10. The debt was listed on the bankruptcy petition and the original creditor was notified by the New York Bankruptcy Court of the Chapter 7 filing and of the subsequent discharge.

## B. Defendant Engages in Harassment and Abusive Tactics.

11. On February 7, 2011, Defendant, in an attempt to collect a consumer debt, sent the Plaintiff a collection letter concerning a debt that was allegedly owed in the amount of $1,897.53. A true and correct copy of the notice from BD to Plaintiff is attached hereto as *Exhibit "B"*.

12. The collection letter from BD demands payment arrangements by the consumer and states:

    *"our client has given us complete discretion in determining whether to pursue this account through legal remedies in the event a voluntary resolution is not reached. Therefore, if a resolution is not reached in a timely manner, our senior litigation counsel will review your file and determine whether or not to escalate the account and commence litigation on behalf of our client in the proper venue"*

13. The statements in and import of the letter to the consumer is that unless payment arrangements are made <u>immediately</u>, the consumer should expect Defendant to commence litigation to collect this debt. The statements in the letter are false and misleading. Failure to respond immediately would not (and did not) result in a legal suit being filed for collection nor was Defendant permitted to make this threat as the alleged debt was discharged in bankruptcy.

14. The statements in the collection letter were designed to coerce and intimidate the consumer into prompt payment of the debt which was not legally owed by false threat and false sense of urgency.

15. The collection notice constituted a false statement or implication that a legal action was imminent.

16. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continuous to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692 et seq.

17. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

18. Defendant's conduct violated 15 U.S.C. § 1692e(5) in that Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.

19. Defendant's conduct violated 15 U.S.C. § 1692d(10) in that Defendant employed false and deceptive means to collect a debt.

20. Defendant's conduct violated 15 U.S.C. § 1692 (F) in that Defendant used unfair or unconscionable means to collect or attempt to collect a debt.

21. Defendant's conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendant communicated with Plaintiff after Defendant knew or should have known that Plaintiff was represented by an attorney;

22. Defendant's conduct violated 15 U.S.C. § 1692(f)(1) in that Defendant attempted to collect amount not authorized by agreement or expressly not permitted by law;

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 25, 2011

Stanley Smotritsky, Esq.
SMOTRITSKY & SPEKTOR, PLLC
Attorneys for Plaintiff
1928 Kings Highway, 3rd Floor
Brooklyn, New York 11229
Telephone:  (718) 554-3630
Facsimile: (718) 679-9196
stan@srlawonline.com



**BUDZIK & DYNIA, LLC**
**Attorneys at Law**
4849 N. Milwaukee Avenue
Suite 801
Chicago, IL 60630

*Licensed Attorneys in:
| Arizona | Illinois | New York |
| Connecticut | Maine | Wyoming |
| Florida | Massachusetts | |
| Idaho | Nevada | |

| BDL # | Original Creditor | Current Creditor | Original Account # | Current Balance | Settlement Offer |
|---|---|---|---|---|---|
| 238992 | TRIBUTE MASTERCARD | Jefferson Capital Systems, LLC | 5182860000889846 | $1,897.53 | $1,328.27 |

Phone: 773-902-1130 • Toll Free: 888-322-1296
Fax: 773-482-6200 • Web: www.budzikdynia.com

791

Singh Jasdeep
1601 McDonald Ave # 2F
Brooklyn, NY 11230-6310

February 07, 2011

Dear Singh Jasdeep:

Your Account has been placed with our office to seek a voluntary resolution with you for the Total Amount Due on your account. Accordingly, if you want to resolve this matter, we are offering **a limited time opportunity** for you to resolve your Current Balance of **$1,897.53** for only **$1,328.27!!!** (unless it has already been paid). If you cannot pay the amount due today, please call us at 1-877-867-9201 to discuss further arrangements.

Please note that no attorney with this firm has personally reviewed the particular circumstances of your account at this time. However, our client has given us complete discretion in determining whether to pursue this account through legal remedies in the event a voluntary resolution is not reached. Therefore, if a resolution is not reached in a timely manner, our senior litigation counsel will review your file and determine whether or not to escalate the account and commence litigation on behalf of our client in the proper venue.

Federal law provides that if you do not provide us with a statement that you dispute the validity of this debt, or any portion thereof, within thirty days of the receipt of this letter, we may assume that such debt is valid. If you do dispute it by notifying us in writing to that effect, we will, as required by law, obtain verification of the debt or any related judgment against you, and mail such documentation to you. And, if within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too.

The law does not require our client to wait until the end of the thirty day period before pursuing their contractual rights against you to collect this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that, the law requires our firm to suspend our efforts to collect the debt until we mail the requested information to you.

Our client may provide information to credit bureaus about an insolvency, delinquency, late payment, or default in your account to include in your credit report as allowed by law.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose. This communication is from a debt collector.**

***detach below and return in the enclosed envelope with your payment***

4849 N Milwaukee Ave.
Suite 801
Chicago, IL 60630

| BDL# | Current Balance | Settlement Offer |
|---|---|---|
| 238992 | $1,897.53 | $1,328.27 |

| Contact Number | Payment Amount $ |
|---|---|

Singh Jasdeep
1601 McDonald Ave # 2F
Brooklyn, NY 11230-6310

Make your check or money order payable to:
Budzik & Dynia, LLC
4849 N Milwaukee Ave.
Suite 801
Chicago, IL 60630

20